# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE EDGE IN COLLEGE PREPARATION, LLC<br><br>Plaintiff,<br><br>vs.<br><br>PETERSON'S NELNET, LLC,<br><br>Defendant. | Case No.: 8:16-cv-00559-JMG-CRZ<br><br>**DEFENDANT'S FIRST AMENDED COUNTERCLAIMS** |

Defendant Peterson's Nelnet, LLC ("Peterson's"), pursuant to FED. R. CIV. P. 15(a)(1)(B), states as follows for its First Amended Counterclaims in Response to The Edge College Preparation, LLC's ("ECP") Complaint:

## PARTIES

1. Peterson's is a Nebraska limited liability company with its principal place of business in Nebraska.

2. Upon information and belief, ECP is a New York limited liability company with its principal place of business in New York.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over Peterson's Counterclaims under 28 U.S.C. §§ 1331 and 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

5. Peterson's is a leader in academic publishing and regularly publishes test preparation books.

6. Peterson's frequently engages independent contractors to author publication-worthy content for its test preparation books.

7. ECP is a college preparation business that provides tutoring services to students.

8. Neither ECP nor its founder and manager, Jessica Davidoff ("Davidoff"), have ever authored or published any ACT test preparation books.

9. As early as January of 2015, Peterson's and ECP discussed the possibility of ECP authoring an ACT preparation book for Peterson's to publish. The book was tentatively titled "Peterson's ACT 2016."

10. In January of 2015, Davidoff, on ECP's behalf, orally represented to Peterson's that she had previously written and prepared SAT preparation materials that she could easily repurpose for Peterson's use, should she be hired to write the Peterson's ACT 2016 book. In effect, Davidoff suggested that ECP would have a head start over other authors that Peterson's might have otherwise hired to write Peterson's ACT 2016. Upon information and belief, this representation was false.

11. At a conference in Phoenix, Arizona in April of 2015, ECP orally represented to Peterson's that it was producing new online course content that would share significant overlap with the content Peterson's would be commissioning for the Peterson's ACT 2016 book. Again, this representation was unmistakably intended to convey to Peterson's the impression and belief that ECP had relevant experience that would give it a competitive advantage over other authors that Peterson's might have otherwise hired to write Peterson's ACT 2016. Upon information and belief, this representation was false.

12. During discussions in April and May of 2015, ECP made representations to Peterson's regarding ECP's qualifications and ability to author professional, publishable content for the prospective ACT preparation book. Among other things, ECP orally represented that it would be a "no-brainer" for ECP to author the content for Peterson's ACT 2016, a project which ECP characterized as "completely doable." ECP never warned Peterson's about its inexperience and inability to author professional, publishable content. Upon information and belief, these representations (including representations conveyed by omission) were false and misleading.

13. On a continuous and ongoing basis, ECP advertises itself online as a purveyor of the "most comprehensive" and "award-winning" test preparation courses, and advertises that Davidoff earned a "perfect score" on her SAT. Upon information and belief, these representations were false.

14. At all relevant times, Peterson's believed ECP's representations to be true, and relied upon ECP's representations in the course of deciding who it should hire to produce content for the Peterson's ACT 2016 book.

15. Based upon ECP's representations, Peterson's decided to engage ECP as an independent contractor to author the content for Peterson's ACT 2016. Peterson's and ECP entered into a written contract (the "Agreement") on or about May 19, 2015, a copy of which is marked as Exhibit A, attached to ECP's Complaint.

16. Under the Agreement, ECP promised to bring "expertise to this Work based upon experience as a professional involved in the profession of providing advice and training regarding test preparation."

17. The authored content that ECP submitted for Peterson's to review was of such low quality that it caused Peterson's to believe that ECP was incapable of creating professional, publishable content for Peterson's ACT 2016 book.

18. Peterson's informed ECP that the previously-submitted content was unsatisfactory and in need of significant improvement. However, ECP was unable to (and/or failed to) make the necessary improvements, and Peterson's was forced to exercise its contractual rights and terminate the Agreement.

19. After terminating the Agreement with ECP, Peterson's was forced to expend significant resources obtaining a new draft of the entire Peterson's ACT 2016 book, rewritten from scratch by a third party, causing Peterson's to suffer considerable damages.

## COUNT I—FRAUDULENT MISREPRSENTATION

20. Peterson's hereby restates and incorporates by reference each and every allegation in paragraphs 1-19 as though fully set forth herein.

21. ECP, in an effort to convince Peterson's to hire it to author content for the Peterson's ACT 2016 book, supplied false and misleading information regarding its credentials and experience to provide professional quality authorship services.

22. Peterson's justifiably relied upon ECP's misrepresentations, as ECP consistently held itself out as in industry leader in the field of college and test preparation.

23. ECP failed to exercise good faith and honesty in communicating its credentials and capabilities to Peterson's, because ECP knew that it lacked experience performing the type of work Peterson's hired it to perform. Further, ECP should have warned Peterson's about its severely limited writing abilities.

24. In so relying upon ECP's misrepresentations, Peterson's suffered pecuniary damages including, but not limited to, the loss of $60,000.00 paid to ECP and expenses associated with rewriting the entire Peterson's ACT 2016 book on an abbreviated schedule.

## COUNT II—BREACH OF CONTRACT

25. Peterson's hereby restates and incorporates by reference each and every allegation in paragraphs 1-24 as though fully set forth herein.

26. ECP materially breached the Agreement by submitting content that was so poor in overall quality that it did not come close to reflecting ECP's promised "expertise."

27. Under the Agreement between Peterson's and ECP, ECP promised to submit its content in batches pursuant to a predetermined schedule set forth in Exhibit C to the Agreement.

28. ECP breached the Agreement by failing to timely submit its content to Peterson's in accordance with the schedule set forth in Exhibit C to the Agreement.

29. ECP breached the covenant of good faith and fair dealing, implied in every contract, by submitting unprofessional and unusable content to Peterson's under the Agreement.

30. ECP's breach of the Agreement caused Peterson's to suffer significant damages, including, but not limited to, the loss of $60,000.00 paid to ECP and expenses associated with rewriting the entire Peterson's ACT 2016 book on an abbreviated schedule.

## PRAYER FOR RELIEF

31. WHEREFORE, Peterson's respectfully requests an Order:

A. Awarding Peterson's an amount that will fully and completely compensate it for its damages, in an amount to be proven at trial, together with interest thereon as provided by law;

B. Awarding Peterson's for the costs of this action, including attorney's fees, as provided by law;

C. Awarding Peterson's any and all further and other relief the Court deems just, proper, and equitable.

Dated: July 28, 2017 **PERRY, GUTHERY, HAASE & GESSFORD, P.C., L.L.O.**

By: */s/ Daniel F. Kaplan*
Daniel F. Kaplan #17714
233 South 13th Street, Suite 1400
Lincoln, NE 68508
Telephone: (402) 476-9200
Email: dkaplan@perrylawfirm.com
*Attorney for Defendant Peterson's Nelnet, LLC*

## CERTIFICATE OF SERVICE

I certify that I have on this 28th day of July, 2017, served a copy of the foregoing FIRST AMENDED COUNTERCLAIMS via ECF notification on all parties of record.

*/s/ Daniel F. Kaplan*
Daniel F. Kaplan
PERRY, FUTHERY, HAASE
& GESSFORD, P.C., L.L.O.
