IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE EDGE IN COLLEGE PREPARATION, LLC, a New York limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>PETERSON'S NELNET, LLC, a Nebraska limited liability company;<br><br>Defendant. | 8:16CV559<br><br>**MEMORANDUM AND ORDER** |

Plaintiff ECP's complaint was filed on December 22, 2016. ECP alleges that pursuant to a contract between the parties, ECP agreed to produce, and Peterson's agreed to purchase, a text manuscript with tips and strategies for preparing for the ACT examination. Plaintiff's complaint alleges Defendant breached that contract and infringed on Plaintiff's copyright by publishing and selling ACT preparation books titled "Peterson's ACT Prep Guide" and "Peterson's ACT Prep Guide Plus" that included Plaintiff's work. (Filing No. 1 ¶22 at CM/ECF p. 4). ECP now moves to amend the complaint to add contract and copyright claims arising from the 2017 ACT Prep Guide books published and sold by Peterson's (Filing No. 58), and potentially the 2018 ACT Prep Guide books which have yet to be published. (See Filing No. 64). For the reasons stated below, the motion will be granted.

ANALYSIS

Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent."

Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements. . . . , [but the] 'existence or degree of prejudice to the party opposing the modification' and other factors may also affect the decision." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). In general, the court will not consider prejudice, or the lack thereof, if the movant has not been diligent in meeting the scheduling order's deadlines. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. Id.; Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

On August 16, 2017, the court entered a case progression order which set September 29, 2017 as the deadline for moving to amend pleadings in accordance with the parties' Rule 26(f) report. (Filing No. 35). Plaintiff's motion was filed on January 26, 2018. In its proposed amended complaint, ECP alleges that Peterson's continued to infringe on its copyright when it published its 2017 ACT preparation books "Peterson's ACT Prep Guide (2017)" and "Peterson's ACT Prep Guide Plus (2017)" (the " 2017 editions"). (Filing No. 58-1). In addition, ECP indicates it is possible Peterson's 2018 ACT preparation books will continue to infringe on its copyright once they are published later this month and if so, ECP seeks to add claims concerning those works. (See Filing No. 64).

ECP argues it was diligent in attempting to meet the ordered deadlines, explaining it first discovered the 2017 editions may infringe on ECP's copyright

2

during an October 2017 deposition. ECP argues that after that deposition, it promptly sought discovery from Peterson's on this issue.

A court should hesitate to allow amendment where the infringing product or information relating to the product was publicly available prior to the time for filing Plaintiff's infringement contentions. See, e.g., CANVS Corp. v. United States, 107 Fed. Cl. 100 (Fed. Cl. 2012); Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc., No. C 12-05791 WHA, 2014 WL 186405 (N.D. Ca. 2014) (denying Plaintiff's motion to amend its infringement contentions to add a device where information regarding the device was publicly available months earlier); Global Sessions LP v. Travelocity.com LP, No. 6:10cv671 LED–JDL, 2012 WL 1903903 *4 (E.D.Tex. May 25, 2012) (denying leave to amend infringement contentions to include information that was publicly available at the time that the original infringement contentions were due); SmartPhone Techs., LLC v. HTC Corp., No. 6:10cv580 LED–JDL, 2012 WL 1424173, at *3 (E.D.Tex. Mar. 16, 2012) (finding a lack of diligence where a party omitted from its initial infringement contentions three accused devices that were publicly available at the time that infringement contentions were due). To the extent that the failure to find the relevant information in the time allotted was simply a careless mistake, this also is insufficient to establish good cause. Berger v. Rossignol Ski Co., 2006 WL 1095914 *5 (N.D. Ca. 2006)("Carelessness or mere errors ... are insufficient to establish good cause.").

Peterson's releases a new edition of its ACT guides every April. The 2017 editions were publicly available for purchase from several major retailers beginning April of 2017—around three months prior to the parties filing their Rule 26(f) report and five months before the deadline to amend pleadings. ECP claims it was not required to purchase and examine each of Peterson's 2017 ACT texts

to meet the diligence standard. While the court partially agrees, ECP cannot in good faith claim it was surprised by the fact that Peterson's (like every other publisher in its industry) annually publishes updated editions of its test preparation books, including the ACT Prep Guide series.[1] ECP does not convincingly show that it was unable to discover the existence of the 2017 editions of the ACT Prep Guide series and purchase them prior to the September deadline for amending its complaint..

While the court is hesitant to find good cause and allow an amendment under Rule 16(b)(4), in this <u>specific</u> instance, the court believes that applying Rule 16 would be counter to the overarching principle to construe and administer the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

If the Plaintiff is not able to amend its pleadings, Plaintiff will file an additional lawsuit alleging the new facts and claims addressed in the proposed amended complaint and will additionally seek to stay this lawsuit until a determination is reached regarding the consolidation of the two cases. (<u>See</u> Filing No. 58-1). Under Rule 42 of the Federal Rules of Civil Procedure, multiple cases before a federal court may be consolidated if they involve a common question of law or fact, and consolidation would assist in avoiding unnecessary cost or delay. Fed. R. Civ. P. 42(a). Consolidation is warranted when the actions involve common parties, overlapping legal issues, and related factual scenarios, and the consolidation itself will not cause unfair prejudice. Horizon Asset Management Inc. v. H & R Block, Inc., 580 F.3d 755, 768 -769 (8th Cir. 2009). Between this case and the potential new case which would no doubt arise, the

---

[1] The titles of the 2017 editions are identical to the 2016 editions with the sole exception of the year.

parties, claims, and issues will essentially be identical. A motion to consolidate would be readily granted.

Additionally, the court finds Plaintiff has been diligent in pursuing whether the 2018 editions of the ACT Prep Guide books infringe on its copyright, as these books are not yet publicly available, and the court does not find that Peterson's will be prejudiced in allowing the complaint to be amended to include those editions.

In light of Rule 1's mandate, strict enforcement of Rule 16(b)(4) in this case would result in an additional action which must then be consolidated with the captioned case. These procedural maneuvers will ultimately cause significant time, expense, and burden to both parties for no discernable reason. Moreover, the court anticipates another proposed amendment to add the 2018 editions in this lawsuit, and applying the good cause standard, the court will likely grant that motion. If the court refuses an amendment to add the 2017 claims to this lawsuit, the above-captioned case will include the 2016 and 2018 alleged infringements, while the 2017 infringements will be alleged in a separate lawsuit. That procedural posture makes little sense and it undermines the goal of providing a just, speedy, and efficient resolution of the parties' claims.

Peterson's argues that allowing ECP's amendment would cause delay to the instant action as this case may be dismissed on summary judgment. The court does not find this argument availing. As addressed above, it is already possible that progression will be delayed to address the 2018 editions and the court finds that any additional risk of delay pales in comparison to the time and expense required for another lawsuit to be filed, progressed, and ultimately be

consolidated with this matter, especially since this court would likely delay ruling on the summary judgment motion until after the cases are consolidated.

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to amend, ([Filing No. 58](Filing No. 58)), is granted.

2) Plaintiff's amended complaint, a copy of which is attached to its motion, shall be filed on or before April 16, 2018.

Dated this 10th day of April, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge